IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 13-cv-000462-RBJ-MJW

TSUTOMU SHIMOMURA,

    Plaintiff.
v.

KENDRA CARLSON, an agent of the Transportation Security Administration,
in her individual capacity,
TERRY CATES, an agent of the Transportation Security Administration,
in her individual capacity,
PATTI ZELLER, an agent of the Transportation Security Administration,
in her individual capacity, and
WADE DAVIS, a Denver Police Department officer, in his individual capacity,

    Defendants.

## ORDER

This matter comes before the Court on Plaintiff's Motion to Amend Judgment under Fed. R. Civ. P. 59(e). [ECF No. 60]. The plaintiff specifically moves to amend judgment as to this Court's dismissal of the Fourth Amendment claim against Agent Carlson and as to this Court's finding that Officer Davis was entitled to qualified immunity.[1]

## ANALYSIS

---

[1] D.C.COLO.LCivR 7.1(a) provides that the court will not consider motions other than Rule 12 and 56 motions unless counsel for the moving party "has conferred or made reasonable good faith efforts to confer" with opposing counsel "to resolve the disputed matter." Plaintiff's counsel did not comply with this rule. He sent an email to the respective counsel for defendants Carlson and Davis at 3:28 p.m. on the day of filing (which was the date the motion was due). Delivery to Officer Davis' counsel immediately bounced back because plaintiff's counsel entered the wrong email address. Plaintiff's counsel did not send a follow up email to the correct address until 5:54 p.m. The motion was then filed at 6:36 p.m. Sending an email after business hours and only 42 minutes before filing a motion is not a good faith effort to confer. Plaintiff's counsel attempts to excuse the delay on his last-minute decision to file the motion, which even if true is not an excuse. In this instance the motion relates to the Court's previous Order granting motions under Rules 12 and 56 [ECF No. 57], and while that does not exempt the motion from the rule, the Court elects to consider it on its merits to avoid further procedural skirmishing.

Under Fed. R. Civ. P. 59(e), a party may file a motion to alter or amend a judgment no later than 28 days after the entry of judgment.  "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  A motion to reconsider is "appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id.* However, it is not to be used "to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

Upon review of the motion, the Court finds that the plaintiff made no argument that there has been an intervening change in controlling law or that there is new evidence previously unavailable that the Court should consider.  Presumably, then, the plaintiff bases his motion on the need to correct clear error or to prevent manifest injustice.

### A. <u>Fourth Amendment Claim</u>.

Beginning with the Fourth Amendment claim against Agent Carlson, the plaintiff argues that he sufficiently pled that "but for Agent Carlson's false sworn statements, the arrest would not have occurred." [ECF No. 60 at 4].  The Court already addressed this position in the previous Order.  The Court found that Officer Davis based his decision to arrest Mr. Shimomura on both the statements of Agent Carlson *and* his having personally witnessed the altercation, not merely one or the other.  *See* Order [ECF No. 57] at 8.  However, the plaintiff argues that Agent Carlson was a but-for cause of his arrest because without her false statements of pain Officer Davis could not have arrested Mr. Shimomura for misdemeanor assault.  As the plaintiff notes in his Reply, the Court chose to *sua sponte* dismiss this cause of action based on causation.  *See* [ECF No. 65 at 7].

2

On reflection, the Court should have addressed a more basic problem. The Fourth Amendment claims against the three TSA agents alleging false arrest should have been dismissed because none of the TSA agents acted as the arresting officer. "In the context of a false arrest claim, an arrestee's constitutional rights were violated if *the arresting officer* acted in the absence of probable cause that the person had committed a crime." *Kaufman v. Higgs*, 697 F.3d 1297, 1300 (10th Cir. 2012) (emphasis added). According to the Complaint, "Defendant Davis took Mr. Shimomura into custody, directing him to sit on a bench in the screening area." [ECF No. 1 at ¶ 26]. After doing so, Officer Davis conferred with the three TSA agent defendants and thereafter "served on Mr. Shimomura a criminal summons and complaint for assault." *Id.* at ¶ 27. While Mr. Shimomura alleges that both "Defendant Carlson and Defendant Davis made the decision to charge Mr. Shimomura with assault," *id.*, only the arresting officer charges an individual with a crime. Similarly, only the arresting officer effectuates the arrest. The Complaint makes it clear that Officer Davis, and not Agent Carlson, was the arresting officer in this case. As such, the Court finds that Mr. Shimomura failed to state a claim for relief under the Fourth Amendment as against the TSA agent defendants, including Agent Carlson.

### B. Qualified Immunity.

Mr. Shimomura also contends that the Court should have found that Officer Davis was not entitled to qualified immunity because the arrest lacked "arguable probable cause." [ECF No. 60 at 6]. The plaintiff effectively makes the same arguments in this motion as he did in his earlier briefs, that Officer Davis' testimony is inconsistent because he said he saw the roller bag strike Agent Carlson's legs while also contending that the security footage was an accurate depiction of the events he witnessed. [ECF No. 60 at 7]. The Court has already addressed the video in the context of Officer Davis' qualified immunity defense. In doing so, it found that

there was no probable cause to support the arrest. Order [ECF No. 57] at 14–17. However, the Court held that there was still "arguable probable cause" given how quickly the entire series of events took place coupled with Agent Carlson's allegations of pain. *Id.* at 18. The plaintiff acknowledges the Court's decision but disagrees with the Court's finding of arguable probable cause. [ECF No. 60 at 8]. I am not convinced by the plaintiff's arguments and do not find that the original ruling suffered from either clear error or manifest injustice.

## ORDER

For the foregoing reasons, Plaintiff's Motion to Amend Judgment [ECF No. 60] is DENIED.

DATED this 27th day of August, 2014.

BY THE COURT:

_____

R. Brooke Jackson
United States District Judge